# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No.19-0990V
(not to be published)

| | |
|---|---|
| HOLLEY HARTLEY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 11, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates |

*Brian Robert Arnold*, Brian R. Arnold & Associates, Richardson, TX, for Petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 10, 2019, Holley Hartley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome as a result of receiving an influenza vaccine on November 1, 2016. Petition at 2-3. On October 20, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 45.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 18, 2023 (ECF No. 50), requesting a total award of $42,164.40 (representing $41,717.00 in fees and $447.40 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that no out-of-pocket expenses were incurred by Petitioner. *Id.* at 4. Respondent reacted to the motion on March 20, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 51. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

A. <u>Hourly Rates</u>

Petitioner requests the following rates for attorney Brian Arnold: $455 per hour for time billed in 2018, and $460 per hour for all time billed from 2019-23. ECF No. 50-1 at 2-22. Additionally, Petitioner requests the rate for paralegals at a rate of $150 per hour for time billed throughout the relevant period work was performed in this case. *Id.*

Not all of the attorney rates requested are appropriate. Mr. Arnold has previously been awarded the rates of $370 per hour for time billed in 2018, $378 per hour for time billed in 2019 and $433 per hour for time billed in 2020. *See Kos v. Sec'y of Health & Human Servs.,* No. 16-1658V, 2022 WL 778617 (Fed. Cl. Spec. Mstr. Apr. 11, 2022). I agree with the reasoning from these decisions employed in adopting these rates, and therefore similarly reduce Mr. Arnold's rates to those previously awarded for time billed between 2018-20. For time billed in 2021-23, however, the requested increased rate of $460 per hour is appropriate and will be awarded.

The paralegal rate also exceeds what has been previously awarded. *Kos*, 2022 WL 778617. I will reduce the paralegal rate to the previously-awarded rates of $132 per hour for 2018; $135 per hour for 2019 ;and $141 per hour for 2020. Application of these rates will reduce the request for fees in the amount of **$3,046.65**.[3]

B. <u>Paralegal Tasks at Attorney Rates</u>

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

---

[3] This amount consists of the following: ($455 - $378 = $77 x 6 hrs = $462) + ($460 - $378 = $82 x 20.10hrs $1,648.20) + ($460 - $433 = $27 x 17.85 hrs = $481.95) + ($150 - $135 = $15 x 27.75 hrs = $416.25) + ( $150 - $141 = $9 x 4.25 hrs = $38.25) = $3,046.65.

Records show over two hours of billing entries that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. Examples of these entries include (but are not limited to):

- July 29, 2019 (0.65 hrs) "Prepare Notice of Filing exhibits *a & 8B, Prepare Notice of Filing exhibits 8C & 8D, Prepare Notice of Filing exhibits Baylor and UTSW records, Prepare Notice of Filing exhibits Statement of Completion, prepare multiple Table of Content";

- October 2, 2019 (0.25hrs) "Prepare letter to Walgreens";

- November 1, 2019 (0.25hrs) "Prepare exhibits regarding Walgreen's records";

- April 28, 2020 (0.50hrs) "Scan, upload, and prepare documents (multiple records) for filing with Court"; and

- July 9, 2020 (0.25hrs) "Telephone call to Walgreen's records department. Prepare letter to Walgreens with check for records."

ECF No. 50-1 at 6 – 8, 11 and 12.

For tasks that are considered more paralegal in nature, I will reduce Mr. Arnold's time to the rates of $135 per hour for 2019; $135 per hour for 2020; and $150 per hour for time billed in 2021. This reduces the request for attorney's fees in the amount of **$1,388.35.**[4]

### C. Administrative Time

Upon review of the billing records submitted, it appears that a there are several entries for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). These tasks

---

[4] This amount is calculated as follows: ($378 - $135 = $243 x 2.05 hrs = $498.15) + ($433 - $141 = $292 x 1.35hrs = $394.20) + ($460 - $150 = $310 x 1.60 hrs = $496) = $1,388.35.

4

include downloading and printing documents, calendaring dates, and saving documents. Because the Program does not reimburse such administrative tasks, I will reduce the amount of fees to be awarded by **$255.30**.[5]

## ATTORNEY COSTS

Petitioner requests $447.40 in overall costs. ECF No. 50-1 at 22. This amount is comprised of obtaining medical records, shipping and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$37,474.10** (representing $37,026.70 in fees and $447.40 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Brian R. Arnold. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] This amount is calculated as follows: ($141 x 0.80hrs = $112.80) + ($150 x 0.95hrs = $142.50) = $255.30.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.